UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS, | Case No. 2:24-cv-0531-DJC-JDP |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ANGELICA BARRON, | |
| Defendant. | |

Plaintiff brings this action against defendant Angelica Barron, alleging that defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189; California Health and Safety Code § 19955, *et seq.*; California's Civil Rights Act, Cal. Civ. Code §§ 54, 54.1, and 54.3; and the California Unruh Civil Rights Act ("Unruh Act"). Defendant has not answered the complaint or otherwise formally appeared in this action. Plaintiff has filed a motion for default judgment, which was before the court for hearing on August 29, 2024.[1] I recommend that plaintiff's motion be granted.

---

[1] Defendant Barron appeared without counsel at the August 29, 2024 hearing. ECF No. 14. I notified the parties that I would defer consideration of plaintiff's motion for thirty days to allow Barron an opportunity to respond to the motion or seek to set aside the entry of her default. To date, Barron has submitted any filings in this action.

1

**Background**

The complaint alleges that plaintiff is physically disabled and must use a walker for mobility. ECF No. 1 ¶ 6. Defendant is the owner and operator of a business known as El Pitayo Restaurant (the "restaurant"), located at 2982 Rockville Road, Fairfield, California. *Id.* ¶¶ 3, 7. The business is open to the public and is therefore a place of public accommodation. *Id.* ¶¶ 3-4.

On February 6, 2024, plaintiff visited the restaurant and encountered multiple architectural barriers. *Id*. ¶¶ 4, 12. Specifically, the business did not have an accessible parking space located on the shortest route to the main entrance; the parking lot did not have proper signage for an accessible parking space; the restaurant did not have an accessible bathroom; and its dining room did not have accessible tables. *Id.* ¶ 4.

On February 27, 2024, defendant was personally served with a copy of the summons and complaint. ECF No. 5 at 3. After defendant failed to timely respond to the complaint, plaintiff requested entry of her default, ECF No. 6, which the Clerk of Court entered on April 23, 2024, ECF No. 7. Plaintiff now moves for default judgment on his ADA and Unruh Act claims. He seeks $4,000 in statutory damages under the Unruh Act, as well as injunctive relief and attorney's fees and costs.[2]

**Legal Standard**

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."

---

[2] Plaintiff's complaint also asserts claims under the California Health and Safety Code § 19955, *et seq*.; and California's Civil Rights Act, Cal. Civ. Code §§ 54, 54.1, and 54.3. ECF No. 1 at 12-20. His motion, however, does not mention these claims, much less demonstrate that default judgment is appropriate on them. *See S.A. ex rel. L.A. v. Exeter Union Sch. Dist.*, 1:09-cv-00834-AWI-GSA, 2009 WL 1953462, at *3 (E.D. Cal. July 7, 2009) ("When seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief. It is the parties' burden to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient."). Accordingly, I recommend that plaintiff be ordered to notify the court whether he intends to voluntarily dismiss his claims under the California Health and Safety Code and California's Civil Rights Act.

2

*PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**Discussion**

    **A.**    **Americans with Disabilities Act**

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

1    To succeed on an ADA disability discrimination claim, a plaintiff "must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1212 (9th Cir. 2020) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)). To succeed on such a claim, a plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Gilbert v. Shahi Assocs., Inc.*, No. 1:21-cv-01375-DAD-SAB, 2022 WL 1557162, at *8 (E.D. Cal. May 17, 2022) (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)); *see also Wyatt v. Ralphs Grocery Co.*, 65 F. App'x 589, 590 (9th Cir. 2003).

The complaint alleges that plaintiff is disabled, and that defendant is the owner and operator of a place of public accommodation. ECF No. 1 ¶¶ 3-8, 11-17. Plaintiff also alleges that defendant denied him public accommodation because the restaurant did not have an accessible parking lot, bathroom, or dining room. *Id.* ¶ 4. He further alleges that these architectural barriers could be removed without significant difficulty or expense. *Id.* ¶ 5. These allegations are sufficient to state an ADA claim. *See Molski*, 481 F.3d at 730. Accordingly, the second and third Eitel factors—the merits of the substantive claim and sufficiency of the complaint—weigh in favor of default judgment.

Furthermore, many of the remaining Eitel factors weigh in favor of granting plaintiff's motion. Defendant was properly served, *see* ECF No. 5 at 3, and appeared at the August 29, 2024 hearing, but she has not responded to the complaint. Thus, her default was not entered due to excusable neglect. Moreover, the relief sought is authorized by statute and, accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Additionally, because defendant has failed to respond to the complaint, plaintiff has no recourse for obtaining relief absent default

4

1   judgment.  *See Acosta v. Martinez*, No. 1:19-cv-0307-AWI-EPG, 2020 WL 1026890, at *5 (E.D.

2   Cal. Mar. 3, 2020) (finding that, despite one defendant's appearance at the hearing on the motion

3   for default judgment, their subsequent failure to file any responsive pleadings made it "apparent

4   that [d]efendants [would] not appear to defend [the] action").  And, although decisions on the

5   merits are favored, such a decision is impossible where the defendant declines to take part in the

6   action.  *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008).

7   Accordingly, plaintiff is entitled to default judgment on his ADA claim.

8         **B.**    **Unruh Civil Rights Act**

9         The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are

10  free and equal, and no matter what their sex, race, color, religion, ancestry, national origin,

11  disability, medical condition, marital status, or sexual orientation are entitled to the full and equal

12  accommodations, advantages, facilities, privileges, or services in all business establishments of

13  every kind whatsoever."  Cal. Civ. Code § 51(b).  The Unruh Act provides that a violation of the

14  ADA constitutes a violation of the Unruh Act.  *See Pickern v. Best W. Timber Cove Lodge*

15  *Marina Resort*, 194 F. Supp. 2d 1128, 1131 (E.D. Cal. 2002); Cal. Civ. Code § 54.1(d).

16  Violations of the Unruh Act permits statutory damages in the amount of $4,000 for each occasion

17  that a plaintiff is denied equal access.  *Id.* § 52(a).  Since plaintiff's Unruh Act claim is predicated

18  on defendant's alleged violation of the ADA, he is entitled to $4,000 in statutory damages.

19        **C.**    **Attorneys' Fees and Costs**

20        Plaintiff seeks $1,002.00 in costs, which includes a $150 fee to obtain ownership deed

21  information from an assessor's office, a $405 filling fee, and $173.50 to serve defendant Barron.

22  ECF No. 11-1 at 4.  These costs are reasonable and should be awarded.  However, plaintiff also

23  seeks $156.50 in investigator fees and $117 in service costs that were incurred during his

24  unsuccessful attempt to serve defendant Fernandez.  As plaintiff voluntarily dismissed his claims

25  against Fernandez, there is no basis for shifting these costs to defendant Barron.  Accordingly,

26  plaintiff is entitled to recover only $725.50 in costs.

27        Plaintiff also seeks $3,220 in attorney's fees.  To determine the reasonableness of

28  attorney's fees, the court utilizes the lodestar method.  *Moreno v. City of Sacramento*, 534 F.3d

1106, 1111 (9th Cir. 2008); *Fischer v. SJB-P.D. Inc.*, 2124 F.3d 1115, 1119 (9th Cir. 2000). Under that method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id*.

Plaintiff request is based on 9.2 hours at a rate of $350 per hour for work performed by attorney Richard Mac Bride. ECF No. 11-1 at 4. Both the hourly rate and the time spent litigating this case are reasonable. Accordingly, I recommend that plaintiff be awarded $3,220 in attorney's fees.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 11, be granted.

2. Default judgment be entered against defendant Angelica Barron on plaintiff's ADA and Unruh Act claims.

3. Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000.

4. Plaintiff be granted an injunction requiring defendant to provide an accessible bathroom, dining room, and parking space with proper signage.

5. Plaintiff be awarded attorneys' fees and costs in the amount of $3,945.50.

6. Plaintiff be directed to notify the court of whether he intends to dismiss his claims under the California Health and Safety Code and California's Civil Rights Act within seven days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 27, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE